O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ZALDANA,<br><br>            Plaintiff,<br><br>      vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 13-7820 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

This is the second time plaintiff has come before the Court seeking review of the denial of her applications for disability insurance and Supplemental Security Income benefits. On August 13, 2012, in Case No. CV 11-7728 RNB, the Court issued an Order ("remand order") reversing the Commissioner's denial of plaintiff's applications and remanding the case for further administrative proceedings.

On August 3, 2013, following a second administrative hearing, the Administrative Law Judge ("ALJ") issued a decision finding plaintiff not disabled

within the meaning of the Social Security Act.[1] The timely filing of the Complaint herein followed on October 29, 2013. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on September 16, 2014. Thus, this matter now is ready for decision.[2]

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

    1.    Whether the ALJ complied with the Court's remand order.

    2.    Whether the ALJ properly determined that plaintiff had a residual functional capacity ("RFC") for medium work.

    3.    Whether the ALJ properly determined that plaintiff could return to her past work.

    4.    Whether the ALJ properly considered plaintiff's subjective symptom testimony.

    5.    Whether the ALJ properly considered the lay witness testimony.

//
//

---

[1] The ALJ's decision became the Commissioner's final decision sixty days later, when plaintiff failed to file written exceptions and the Appeals Council failed to assume jurisdiction on its own initiative. See 20 C.F.R. § 404.984.

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## DISCUSSION

As discussed hereafter, as to Disputed Issues Four and Five, the Court concurs with the Commissioner that the ALJ provided legally sufficient reasons on which he could properly rely in support of his adverse credibility determinations with respect to plaintiff's subjective symptom testimony and the lay witness testimony. However, as to Disputed Issue One, the Court concurs with plaintiff that the ALJ deviated from the Court's remand order by finding that plaintiff did not have a severe mental impairment. Since it follows from the Court's inability to affirm the ALJ's non-severity determination that the Court is unable to affirm the ALJ's RFC determination or the ALJ's vocational determination, there is no need for the Court to further address Disputed Issues Two and Three.

**A.  Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony (Disputed Issue Four).**

Disputed Issue Four is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective pain and symptom testimony. (See Jt Stip at 27-40.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12

1  F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

      Here, plaintiff testified that she could not work because of pain in her whole body, arthritis, problems with her right foot, pain in her knee, numbness in her hands, and anxiety. (See AR 375, 376, 379.) Based on these impairments, plaintiff further testified that she could sit for 20-25 minutes at a time and use her hands for 10 minutes at a time. (See AR 377, 378.)

      The ALJ found that "[t]he objective evidence and treatment history are consistent with the residual functional capacity and inconsistent with the claimant's allegations that she is unable to perform any work activity." (See AR 351.) In support of this adverse credibility determination, the ALJ proffered what appear to be ten reasons. (See AR 351-54.)[3]

      One of the ALJ's stated reasons for his adverse credibility determination was that plaintiff's allegation of pain from left foot plantar fasciitis was belied by nominal, routine, and conservative care for complaints of foot pain. (See AR 351.) The ALJ specifically cited evidence that plaintiff was treated from November 2006 to February 2009 for left foot/heel pain with good results; that despite plaintiff's report of a 20 year history of left foot pain, she has taken only Tramadol and ibuprofen for pain

---

[3] In its remand order, the Court found that the ALJ's first adverse credibility determination with respect to plaintiff's subjective symptom testimony suffered from two errors: (1) the ALJ failed to make an explicit determination that plaintiff had presented objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of pain and/or other symptoms; and (2) the ALJ failed to specifically identify what portions of plaintiff's testimony he found not credible. (See AR 419-20.) The ALJ's subsequent adverse credibility determination still suffers from the first error and, to some extent, the second error. However, the Court finds that these errors are harmless because (a) the ALJ provided legally sufficient reasons on which he could properly rely in support of his adverse credibility determination, and (b) the ALJ's adverse credibility determination was sufficiently specific for the Court to conclude that the ALJ did not reject plaintiff's testimony arbitrarily.

relief and has undergone acupuncture with good results; and that in March 2009, plaintiff reported her left foot symptoms had improved. (See AR 351; see also AR 178, 179, 283.) The Court notes that, contrary to the ALJ's finding that plaintiff has taken only Tramadol and ibuprofen for pain relief, the record reflects that plaintiff received multiple steroid injections in her left heel in approximately 2006 and 2007. (See AR 183, 188, 204.) Nonetheless, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination because the record reflects that plaintiff was treated on the whole with conservative care for her foot pain with good results and improvement. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 599 (9th Cir. 1999) (ALJ's adverse credibility determination properly accounted for physician's report of improvement with use of medication); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (ALJ may consider whether treatment produced fair response or control of pain that was satisfactory).

Another similar reason proffered by the ALJ was that plaintiff's treating physicians had consistently treated her with conservative methods, including non-steroidal anti-inflammatory drugs, acupuncture, massage therapy, and medications including Tramadol, ibuprofen, acetaminophen, and aspirin. (See AR 353.) The ALJ also found that it would "generally be expected that [plaintiff's] treating physicians would have prescribed a more rigorous treatment regimen, such as surgery, if her condition were as significant as she alleges." (See AR 353.) The Court again notes that the ALJ's description of plaintiff's treatment methods omitted evidence that plaintiff also received multiple steroid injections in her left heel. (See AR 183, 188, 204.) Nonetheless, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination because the record otherwise supports the ALJ's description of plaintiff's treatment

methods, including the ALJ's observation that no treating physician had recommended surgery. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ could properly discredit back pain testimony where no surgery had been suggested).

Another reason proffered by the ALJ was that, although plaintiff reported upper extremity pain for one week in May 2009, she was observed to have full, pain-free range of motion of the shoulders, no scars, no gross deformity, no muscle atrophy, no swelling, and no tenderness to palpation just five months later. (See AR 351; see also AR 228, 314.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination because an ALJ may base his adverse credibility determination on evidence of improvement or fair response from treatment.

Another similar reason proffered by the ALJ was that treatment had been generally successful in controlling plaintiff's symptoms. (See AR 353.) The ALJ specifically cited evidence that from February to May 2009, plaintiff reported pain of zero to five (on a scale to ten); that in February 2010, plaintiff reported feeling and sleeping better; and that in June 2010, plaintiff was seen on a follow up for her complaints of arthritis and reported feeling better. (See AR 353; see also AR 279, 281, 282, 298, 322.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination because an ALJ may base his adverse credibility determination on evidence of improvement or fair response from treatment.

Another reason proffered by the ALJ was that plaintiff's knee condition was not as severe as alleged because x-rays of her knees from 2008 and 2010 revealed, inter alia, mild irregularities and mild degenerative changes. (See AR 351; see also AR 510.) The ALJ also noted certain findings from a consultative examination: (1) plaintiff was observed to have no problems getting in and out of the examination chair and was able to rise from a sitting and supine positions without difficulty; (2)

she did not evince swelling, effusion, erythema, warmth, or deformity of the hips or ankles; and (3) all lower extremity joint ranges of motion were within normal limits, except for the left knee. (See AR 351; see also AR 228, 229.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Morgan, 169 F.3d at 600 (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints).

Another reason proffered by the ALJ was that there was no objective evidence of a back condition contributing to plaintiff's lower extremity pain. (See AR 351.) The ALJ specifically cited evidence that x-rays of plaintiff's lumbar spine revealed minimal disc space narrowing at L4-L5 and L5-S1, with no fracture or subluxation, symmetric pedicles and normal sacroiliac joints; and that plaintiff's lumbar spine revealed a full range of motion and negative straight leg raising upon examination in October 2009. (See AR 351; see also AR 228, 510.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (ALJ properly disregarded complaint of back pain by pointing out the absence of objective medical findings or evidence of a disabling back impairment for the relevant time); Green v. Heckler, 803 F.2d 528, 531 (9th Cir. 1986) ("The [Commissioner] can disregard such self-serving testimony whenever the claimant fails to submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain."); Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985) (ALJ properly disregarded claimant's complaints of pain "due to the lack of medical evidence to explain the nature of her complaints").

1          Another reason proffered by the ALJ was that plaintiff had reported daily
2    activities that were not limited to the extent that one would expect, given her
3    complaints of disabling symptoms and limitations.  (See AR 352.)  The ALJ
4    specifically cited evidence that contradicted plaintiff's allegations that she had
5    difficulty with walking, lifting, squatting, bending, standing, reaching, kneeling,
6    sitting, and performing personal care: plaintiff reported elsewhere an ability to dress,
7    shower, clean, wash dishes, do laundry, shop for groceries and clothes, and manage
8    her finances.  (See AR 352; see also AR 129, 133, 221.)  The Court finds that this was
9    a legally sufficient reason on which the ALJ could properly rely in support of his
10   adverse credibility determination.  See Molina v. Astrue, 674 F.3d 1104, 1113 (9th
11   Cir. 2012) ("Even where those activities suggest some difficulty functioning, they
12   may be grounds for discrediting the claimant's testimony to the extent that they
13   contradict claims of a totally debilitating impairment."); Berry v. Astrue, 622 F.3d
14   1228, 1234-35 (9th Cir. 2010) (evidence that claimant's self-reported activities
15   suggested a higher degree of functionality than reflected in subjective symptom
16   testimony adequately supported adverse credibility determination); Valentine v.
17   Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (evidence that
18   claimant exercised and undertook projects suggested that claimant's later claims
19   about the severity of his limitations were exaggerated); Bray v. Commissioner of
20   Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a
21   credibility determination, an ALJ may weigh consistencies between the claimant's
22   testimony and his or her conduct, daily activities, and work record, among other
23   factors."); Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (evidence of daily
24   activities may form basis of an adverse credibility determination where it contradicts
25   the claimant's other testimony).
26         Another similar reason proffered by the ALJ was that plaintiff's description of
27   her symptoms seemed somewhat exaggerated.  (See AR 353.)  The ALJ specifically
28   noted that, despite plaintiff's allegations that she has difficulty walking, standing, and

performing normal activities of daily living because of her left knee pain, plaintiff's ability to take daily 20 minute walks underscored that her left knee range of motion was not as limited as she alleged. (See AR 353; see also AR 133.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination because an ALJ may rely on inconsistencies between the level of a claimant's self-reported daily activities and the severity of her symptoms portrayed by her subjective symptom testimony.

Another reason proffered by the ALJ was that plaintiff's observed behavior was inconsistent with her allegations. (See AR 352.) The ALJ specifically cited evidence that, during a consultative examination, plaintiff walked into the examining room with an antalgic gait on the left and did not use an assistive device to walk, was able to get on an off the examination chair without assistance, and did not appear to be in acute or chronic distress. (See AR 352; see also AR 228.) The ALJ concluded from this evidence that, even though plaintiff did not allege that she required a cane to ambulate, her ability to walk without an assistive device indicated that her knee and lower back pain were not as significant as she alleged. (See AR 352.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See generally Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (ALJ may base adverse credibility determination on evidence that claimant was not receiving treatment commensurate with allegations of severe and unremitting pain); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ may rely on evidence of treatment reflecting a lower level of both pain and functional limitation).

Another reason proffered by the ALJ was that plaintiff had made inconsistent statements, specifically, that she had alleged left foot pain secondary to left foot plantar fasciitis, but she had testified that she experienced right foot pain. (See AR 352; see also AR 375.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination.

1  See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ may use
2  "ordinary techniques of credibility evaluation," such as considering the claimant's
3  reputation for truthfulness and any inconsistent statements in her testimony); Smolen,
4  80 F.3d at 1284 (ALJ may consider "prior inconsistent statements concerning the
5  symptoms, and other testimony by the claimant that appears less than candid");
6  Bunnell, 947 F.2d at 346 ("[T]he adjudicator may discredit the claimant's allegations
7  based on inconsistencies in the testimony or on relevant character evidence.").

8        In sum, the Court finds that all of the ALJ's reasons for rejecting plaintiff's
9  subjective symptom testimony were legally sufficient. Moreover, even if the Court
10 had found that the first two reasons were legally insufficient because the ALJ failed
11 to account for evidence that plaintiff had received steroid injections in her left heel,
12 the Court would have found that the error was harmless because the ALJ's eight other
13 stated reasons and ultimate credibility determination were supported by substantial
14 evidence. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162-63
15 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of
16 adverse credibility determination was harmless where remaining reasons were
17 adequately supported by substantial evidence).

19 **B.**    **Reversal is not warranted based on the ALJ's alleged failure to make a**
20        **proper adverse credibility determination with respect to the lay witness**
21        **testimony (Disputed Issue Five).**

22       Disputed Issue Five is directed to the ALJ's rejection of the written
23 statement(s) of plaintiff's daughter, Heidi Castaneda. (See Jt Stip at 40-43.)

24       In a third party function report, Ms. Castaneda wrote that plaintiff had
25 problems with functioning that limited her to lying in bed, staying home, preparing
26 meals 2-3 times per week, minimal cleaning, shopping for clothes when needed,
27 grocery shopping once per week, going to church, listening to the radio, and limited
28 visitation with her grandchildren. (See AR 136-43.)

      The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. See, e.g., Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen, 80 F.3d at 1288-89; Dodrill, 12 F.3d at 919. Here, the ALJ did not actually provide a reason for not fully crediting Ms. Castaneda's testimony. Rather, he briefly described it and concluded that, "I give limited weight to this statement." (See AR 20.)

      The ALJ noted Ms. Castaneda's statements about plaintiff's activities – including going for a walk, cooking, running errands, and visiting with her sons and grandchildren 2-3 times per week – and found that "[t]his is not the behavior of someone with chronic, disabling pain." (See AR 352.) The Court finds that this was a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination, not only with respect to plaintiff's subjective symptom testimony, but also with respect to the lay witness testimony. See Valentine, 574 F.3d at 693-94 (ALJ's rejection of claimant's testimony because it was inconsistent with his daily activities also applied to ALJ's rejection of lay witness testimony).

### C. The ALJ deviated from the Court's remand order (Disputed Issue One).

      Disputed Issue One is directed to whether the ALJ complied with the Court's remand order. (See Jt Stip at 8-16.)

      The Court reviews the ALJ's decision to determine whether it is supported by substantial evidence and free of legal error. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." Sullivan v. Hudson, 490 U.S. 877, 886, 109 S. Ct. 2248, 104 L. Ed. 2d 941 (1989).

In its remand order, the Court found that the ALJ had failed to provide legally sufficient reasons for rejecting plaintiff's subjective symptom testimony and the lay witness testimony, from which it followed that the Court could not affirm the ALJ's RFC determination for medium work. (See AR 417-25.) The Court also found that it could not affirm the ALJ's RFC determination because the ALJ erred in finding that plaintiff's depression did not amount to a legally severe impairment. (See AR 425-26.) In the subsequent administrative proceedings, the ALJ again rejected plaintiff's subjective symptom testimony and the lay witness testimony, and again determined that plaintiff did not have a severe mental impairment and had an RFC for medium work. (See AR 347-48, 350-54.)

To the extent that plaintiff appears to be arguing that the ALJ failed to comply with the Court's remand order simply because the ALJ reached the same conclusions as before (see Jt Stip at 8-9), the Court disagrees. There was nothing in the Court's remand order that precluded the ALJ from reaching the same conclusions, so long as the reasons for doing so now were supported by substantial evidence and free of legal error. Moreover, the Court stated in its remand order that it had no intent of limiting the scope of the remand. (See AR 428.) Here, as discussed above, the Court has found that the ALJ did not err in his post-remand adverse credibility determinations with respect to plaintiff's subjective symptom testimony and the lay witness testimony.

However, plaintiff also specifically argues that the ALJ failed to comply with the Court's remand order by again finding that plaintiff did not have a severe mental impairment, especially in light of the opinion of Dr. Javaherian. (See Jt Stip at 11.) In its remand order, the Court found that it was unable to reconcile the ALJ's non-severity finding with the opinions of Dr. Javaherian and Dr. Dudley, especially since the ALJ implicitly rejected these opinions without stating any reasons for doing so. (See AR 425-26.) Dr. Javaherian, an examining psychiatrist, had opined that based on plaintiff's depressive disorder, plaintiff had a moderate impairment in her ability

to maintain focus and concentration and assigned a GAF score of 60.[4] (See AR 222, 224.) Moreover, Dr. Dudley, a state agency review psychiatrist, had opined that plaintiff had a moderate limitation in maintaining concentration, persistence, and pace (see AR 242) and a moderate limitation in her ability to maintain attention and concentration for extended periods (see AR 245).

In his decision on remand, the ALJ discussed Dr. Javaherian's and Dr. Dudley's opinions but did not credit them to the extent they evidenced a severe mental impairment for two purported reasons: (1) plaintiff failed to mention a mental problem during the administrative hearings; and (2) plaintiff failed to receive mental health treatment or psychotropic medication. (See AR 347-48.) However, the record reflects that plaintiff did mention a mental health problem during both administrative hearings, and that she did complain of depression to her treatment providers, who prescribed psychotropic medications (i.e., Zoloft and Trazodone). (See AR 42, 310, 332-35, 379, 562, 574.) To the extent that the ALJ mischaracterized the record in concocting reasons for his step two determination, the Court finds that the ALJ deviated from the Court's remand order.

The Commissioner argues that, to the extent that the ALJ erred in finding that plaintiff did not have a severe mental impairment, the error was harmless because plaintiff could perform her past relevant work – which were unskilled jobs – with a moderate limitation in focus and concentration. (See Jt Stip at 15-16.) The Court disagrees for two reasons. First, to the extent that the ALJ relied on the vocational expert's testimony to find that plaintiff could perform her past relevant work, that testimony had no evidentiary value because it was not premised on all of plaintiff's

---

[4] A GAF score of 51 to 60 is evidence of moderate symptoms *(e.g., flat affect and circumstantial speech, occasional panic attacks)* or moderate difficulty in social, occupational, or school functioning *(e.g., few friends, conflicts with peers or co-workers)*. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.).

limitations. See DeLorme v. Sullivan, 924 F.2d, 841, 850 (9th Cir. 1991) ("If the hypothetical does not reflect all the claimant's limitations, we have held that the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."); see also Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996) (vocational expert testimony that failed to account for claimant's deficiency in concentration, persistence, and pace could not constitute substantial evidence to support ALJ's non-disability determination). Second, the Ninth Circuit has repeatedly found reversible error where, as in this case, an ALJ's vocational determination fails to incorporate moderate mental limitations supported by concrete evidence. See, e.g., Lubin v. Commissioner of Social Sec. Admin., 507 Fed. Appx. 709, 712 (9th Cir. 2013) (now citable for its persuasive value per Ninth Circuit Rule 36-3); Van Sickle v. Astrue, 385 Fed. Appx. 739, 741 n.1 (9th Cir. 2010); Brink v. Commissioner Social Sec. Admin., 343 Fed. Appx. 211, 212 (9th Cir. 2009).

Accordingly, the Court finds that reversal is warranted here based on the ALJ's deviation from the Court's remand order.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v.

Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court is mindful that, in Garrison v. Colvin, 759 F.3d 995, 1019-21 (9th Cir. 2014), a Ninth Circuit panel held that where an ALJ failed to properly consider medical opinion evidence (and other evidence), it was appropriate to credit the evidence as true and remand the case for calculation and award of benefits. However, the Court also notes that after Garrison was decided, another Ninth Circuit panel did not apply or even acknowledge this "credit as true" rule where substantial evidence did not support an ALJ's rejection of treating medical opinions and his adverse credibility determination; instead, the panel simply remanded the case for further administrative proceedings. See Ghanim v. Colvin, - F.3d -, 2014 WL 4056530, at *10 (9th Cir. Aug. 18, 2014). In any event, to the extent that Garrison governs the Court's analysis, the Court finds it distinguishable, as discussed below.

In Garrison, the Ninth Circuit held that the district court should remand to the Commissioner for an award of benefits if three conditions are met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. See Garrison, 759 F.3d at 1020. Here, remand for further proceedings is warranted because the third Garrison condition has not been met: the vocational expert did not testify that a person could not work with the mental limitations described by Dr. Javaherian and Dr. Dudley. See Delegans v. Colvin, - Fed. Appx. -, 2014 WL 3720298, at *4 (9th Cir. July 29, 2014) (finding the third Garrison condition was not met and remanding for further proceedings where the vocational expert did not meaningfully address the mental limitations reflected in the improperly discredited evidence); see also Strauss v. Commissioner of the Social Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (reversing award of benefits premised solely on ALJ's failure to comply with remand orders).

1    Therefore, based on its review and consideration of the entire record, the Court
2    has concluded on balance that a remand for further administrative proceedings
3    pursuant to Sentence Four of 42 U.S.C. § 405(g) is warranted here.  Accordingly, IT
4    IS HEREBY ORDERED that Judgment be entered reversing the decision of the
5    Commissioner of Social Security and remanding this matter for further administrative
6    proceedings.[5]

DATED: October 1, 2014

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5]     It is not the Court's intent to limit the scope of the remand.